NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| HENRY G. MARTIN, JR., : | |
| : | |
| Plaintiff, : | Civ. No. 05-2593 (GEB) |
| : | |
| v. : | |
| : | |
| LAKEWOOD POLICE DEPT. et al., : | **MEMORANDUM OPINION** |
| : | |
| Defendants. : | |

**BROWN, Chief Judge**

This matter comes before the Court upon the Motion for Summary Judgment of Defendants Lakewood Police Department, Lakewood Police Department Commissioner Charlie Cunliffe, Lakewood Director of Public Safety Wayne R. Yhost, and Lakewood Police Department Officers Guillermo Clarke, Leroy Marshall, Felix Riveria, and Harry Van Dezilver (collectively, the "Defendants"). The Court has considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rules of Civil Procedure Rule 78. For the reasons set forth below, the Court will grant Defendants' Motion.

**I.   BACKGROUND**

On July 2, 2004, Officers Leroy Marshall and Felix Riveria (the "Officers") were patrolling the streets of Lakewood Township in plainclothes and in an unmarked car. (Compl. at ¶¶ 22, 23; Defs.' Br. at 3.) The Officers took notice of the Plaintiff twice; first on Martin Luther King Boulevard, and later parked in front of 199 East 4th Street. (Defs.' Br. at 5.) The Officers assert that the latter location was "an area well known for drug activity." (*Id.*)

While the Plaintiff was parked on East 4th Street, the Officers observed a person leaning into the window of the Plaintiff's car and suspected that an illegal drug transaction had occurred. (*Id.*) The Officers followed the Plaintiff when he drove away. (*Id.*) The Plaintiff drove to Coventry Square and stopped his vehicle in a parking space. (Compl. at ¶ 28; Defs.' Br. at 6.) The Officers stopped their car a short distance behind the Plaintiff's. (Defs.' Br. at 6.) The Plaintiff then put his car into reverse and proceeded backwards. (Compl. at ¶ 28; Defs.' Br. at 6.) The Plaintiff's car and the unmarked police cruiser collided at a very low rate of speed. (Compl. at ¶ 28; Defs.' Br. at 6.) Shortly after the collision, Sergeant Clarke and Detective Van Dezilver arrived at the scene. (Compl. at ¶ 30; Defs.' Br. at 4, 7.) Sergeant Clarke completed an accident report. (Compl. at ¶ 24; Defs.' Br. at 4.) The Plaintiff was issued four separate summonses for moving violations. (Compl. at ¶ 24; Defs.' Br. at 4.) All of these summonses were dismissed by the Lakewood municipal court after Officers Marshall and Riveria failed to appear at the hearing. (Pl.'s Reply at ¶ 11; Defs.' Br. at 7-8.)

In his *pro se* complaint, the Plaintiff states that Marshall and Riveria engaged in racial profiling and deliberately caused the accident to deprive him of his constitutional rights. (Compl. at ¶¶ 1-4.) The Plaintiff claims that Detective Van Dezilver and Sergeant Clarke also engaged in racial profiling and deprived him of his constitutional rights by issuing the Plaintiff summonses and filing a false accident report. (*Id.*) Further, Mr. Martin complains that Defendants Cunliffe and Yhost, who never appeared at the scene of the accident, deprived him of his constitutional rights by encouraging a custom of racial profiling by the Lakewood Police Department. (*Id.*)

In sum, the Plaintiff claims that the practices of the Lakewood Police Department violated his Fourteenth Amendment right to equal protection, and that the collision amounted to

an illegal seizure that violated his Fourth Amendment rights. (*Id.*) The Plaintiff brings claims under 42 U.S.C. §§ 1983, 1985(3), 1986 and 1988. (*Id.*) The Defendants assert that these claims are without merit, and that this suit is proscribed by the doctrine of qualified immunity.

## II.	DISCUSSION

### A.	Standard of Review

In deciding a motion for summary judgment, a court should grant the motion if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996). The threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In deciding whether triable issues of fact exist, a court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. *See Hancock Indus. v. Schaeffer*, 811 F.2d 225, 231 (3d Cir. 1987). In arguing against a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

The Court notes, however, that because the Petitioner has filed this petition *pro se*, we must apply a more liberal standard of review to his claims than we would to a petition filed with the aid of counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Wade v. Yeager*, 377 F.2d 841, 846 (3d Cir. 1967) (recognizing that a petition made without the benefit of counsel must be read with a measure of tolerance); *United States ex. rel Montgomery v. Brierley*, 414

F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (U.S. June 22, 1970) (stating that *pro se* petitions should be liberally construed).

### B. Summary Judgment Is Granted To Defendants Clarke, Marshall, Riveria, and Van Dezilver Because All Are Entitled To Qualified Immunity

Qualified immunity is available to government officials sued as a result of actions taken while performing their official duties. The Supreme Court defined the test for establishing qualified immunity in *Harlow v. Fitzgerald*, holding:

> [W]e conclude today that bare allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery. We therefore hold that government officials performing discretionary functions, generally are shielded for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

*Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1981); *see also Malley v. Briggs*, 475 U.S. 335, 341 (1986) ("an allegation of malice is not sufficient to defeat immunity if the defendant acted in an objectively reasonable manner.").

Plaintiff's assertions that the Defendants caused the accident and filed a false report to deprive him of his constitutional rights are bare allegations of malice. Those allegations alone do not raise a genuine issue of material fact that Mr. Martin's constitutional rights were violated.

Setting them aside and reviewing the rest of the facts alleged by Plaintiff, there remains no genuine issue of material fact that the actions of the Lakewood Police Department Officers – i.e., the issuance of traffic summonses and the filing of a standard accident report following a minor collision – were "objectively reasonable" and did not violate Mr. Martin's "clearly established statutory or constitutional rights." Officers Clarke, Marshall, Riveria, and Van

4

Dezilver are therefore entitled to qualified immunity from Mr. Martin's claims.

      **C.**     **Summary Judgment Is Granted To Defendant Lakewood Police Department Because Plaintiff's Respondeat Superior Theory Fails**

Plaintiff set forth claims against the Lakewood Police Department under the doctrine of *respondeat superior*. The Supreme Court, however, held in *Monell v. Department of Social Services* that "a municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Plaintiff may in fact only put forward Section 1983 claims against the Police Department:

> (i) if "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," or

> (ii) in the absence of a formally adopted policy, if the constitutional deprivations arise from the local government's "custom" "even though such a custom has not received formal approval through the body's official decisionmaking channels."

*Id*. at 690-91.

In the case at bar, Plaintiff has failed to raise a genuine issue of material fact that the Lakewood Police Department had adopted a "policy statement, ordinance, regulation, or decision" that promoted racial profiling. In fact, Plaintiff submitted to the Court a copy of the

Lakewood Police Department's official policy prohibiting discriminatory profiling.[1]

The Plaintiff has also failed to raise a genuine issue of material fact that racial profiling was a "custom" of the Lakewood Police Department. Indeed, a detailed review of both the Plaintiff's initial complaint and his brief in opposition to the Defendants' motion for summary judgment yields nothing, other than his conclusive statements and allegations, to support his assertion that racial profiling was a Lakewood Police Department custom. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (stating that a district court may grant summary judgment based on whatever materials are before it). The Court will therefore grant Defendants' motion for summary judgment as to Plaintiff's claims against the Lakewood Police Department.

      **D.**    **Summary Judgment Is Granted To Defendants Cunliffe And Yhost Because No Genuine Issue Of Material Fact Remains As To Their Liability**

The Plaintiff alleges that Defendants Cunliffe and Yhost are liable for the violation of his constitutional rights because they allegedly encouraged racial profiling in their administrative capacities. As the Court has held above, however, Plaintiff has failed to raise any genuine issue of material fact that the Lakewood Police Department operated under any official policy or custom of racial profiling. The Court will therefore grant Defendants' motion for summary judgment on Plaintiff's claims against Mr. Cunliffe and Mr. Yhost.

---

[1] That official policy defines discriminatory profiling as "[t]he detention, interdiction or other disparate treatment of an individual solely on the basis of their race, ethnicity, age, gender or sexual orientation." *See* Pl.'s Opp'n Ex. "Lakewood Police Policy."

**III.     CONCLUSION**

For the foregoing reasons, the Court will grant Defendants' Motion for Summary Judgment.  An appropriate form of Order accompanies this Memorandum Opinion.


Dated: November 6, 2007


s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.
